UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| DAYRIN BEVERLY A. C., | Case No. 26-cv-613 (LMP/SGE) |
| Petitioner, | |
| v. | **ORDER** |
| PAMELA BONDI, *in her official capacity as Attorney General of the United States*; KRISTI NOEM, *in her official capacity as Secretary of the U.S. Department of Homeland Security*; TODD LYONS, *in his official capacity as Acting Director of Immigration and Customs Enforcement*; and DAVID EASTERWOOD, *in his official capacity as Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*, | |
| Respondents. | |

---

Petitioner Dayrin Beverly A. C. is a citizen of Guatemala who entered the United States as an unaccompanied minor in December 2023. ECF No. 1 ¶ 3. She has no criminal history and currently has a pending I-589 Application for Asylum with United States Citizenship and Immigration Services. *Id.* ¶¶ 3, 5.

Dayrin Beverly A. C. was arrested by immigration officials on January 23, 2026, and remains in the custody of United States Immigration and Customs Enforcement. *Id.* ¶ 1. She asserts that Respondents (the "Government") have detained her pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *See id.* ¶ 8. Dayrin Beverly

A. C. contends that she is not subject to detention under 8 U.S.C. § 1225(b)(2) but instead is entitled to a bond hearing under 8 U.S.C. § 1226(a). *Id.* ¶ 1.

This Court has concluded that noncitizens similarly situated to Dayrin Beverly A. C. are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and are entitled to a bond hearing under 8 U.S.C. § 1226(a). *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). Dayrin Beverly A. C. raises the same legal issues and largely requests the same relief granted in those cases—namely, an order requiring the Government to conduct a bond hearing. *See* ECF No. 1 at 17–18.

This Court will not depart from its reasoning in *Roberto M. F.* and *Victor Hugo D. P.* Accordingly, **IT IS HEREBY ORDERED** that:

1. The Government is directed to file an answer to Petitioner Dayrin Beverly A. C.'s Verified Petition for Writ of Habeas Corpus (ECF No. 1 ("Petition")) on or before Tuesday, January 27, 2026, certifying the true cause and proper duration of Dayrin Beverly A. C.'s confinement and showing cause why the writ should not issue in this case;

2. The Government's answer must include:

    a. Such affidavits and exhibits as are needed to establish the lawfulness and correct duration of Dayrin Beverly A. C.'s detention in light of the issues raised in her Petition;

    b.      A reasoned memorandum of law and fact explaining the Government's legal position on Dayrin Beverly A. C.'s claims;

    c.      The Government's recommendation on whether an evidentiary hearing should be conducted; and

    d.      A good-faith argument as to whether—and if so, why—this matter is materially distinguishable, either factually or legally, from *Roberto M. F.* and *Victor Hugo D. P.*;

3. If Dayrin Beverly A. C. intends to file a reply to the Government's answer, she must do so on or before Thursday, January 29, 2026;[1]

4. No further submissions from the parties will be permitted except as authorized by Court order;

5. The Government is **ENJOINED** from moving Dayrin Beverly A. C. outside of the District of Minnesota during the pendency of these proceedings, so that Dayrin Beverly A. C. may consult with her counsel and participate in this litigation while the Court considers her Petition; and

6. If Dayrin Beverly A. C. has been removed from Minnesota, the Government is **ORDERED** to immediately return Dayrin Beverly A. C. to Minnesota.

Dated: January 24, 2026               *s/Laura M. Provinzino*
Time: 12:47 p.m.                      Laura M. Provinzino
                                      United States District Judge

---

[1] The Court reserves the right to grant the Petition before Dayrin Beverly A. C. files her reply brief if the Government's answer plainly demonstrates that Dayrin Beverly A. C. is entitled to relief.