# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| DAYRIN BEVERLY A. C., | Case No. 26-cv-613 (LMP/SGE) |
| Petitioner, | |
| v. | **ORDER GRANTING** |
| | **HABEAS PETITION** |
| PAMELA BONDI, *in her official capacity as Attorney General of the United States*; KRISTI NOEM, *in her official capacity as Secretary of the U.S. Department of Homeland Security*; TODD LYONS, *in his official capacity as Acting Director of Immigration and Customs Enforcement*; and DAVID EASTERWOOD, *in his official capacity as Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*, | |
| Respondents. | |

Graham Blair Ojala-Barbour, **Ojala-Barbour Law Firm, Saint Paul, MN**, for Petitioner.

Ana H. Voss and Julie T. Le, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

  Petitioner Dayrin Beverly A. C. is a citizen of Guatemala who entered the United States without inspection as an unaccompanied minor in December 2023. *See* ECF No. 1 ¶ 3. She has no criminal history and currently has a pending I-589 Application for Asylum with United States Citizenship and Immigration Services. *Id.* ¶¶ 3, 5. Dayrin Beverly A. C. was arrested by immigration officials on January 23, 2026, and has remained in the custody

of United States Immigration and Customs Enforcement since that date. *Id.* ¶ 1. She alleges that she has been detained pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2), *id.* ¶ 8, but asserts that she is entitled to a bond hearing under 8 U.S.C. § 1226(a), *id.* ¶ 1.

Dayrin Beverly A. C. filed a petition for a writ of habeas corpus seeking, in relevant part, an order requiring Respondents (the "Government") to provide her with a bond hearing. *See id.* at 17–18. This Court has already concluded that similarly situated noncitizens are entitled to a bond hearing under 8 U.S.C. § 1226(a). *See Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn. Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074, at *2–3 (D. Minn. Dec. 19, 2025). Accordingly, the Court ordered the Government to answer Dayrin Beverly A. C.'s petition by January 27, 2026, "certifying the true cause and proper duration of Dayrin Beverly A. C.'s confinement," including a "good-faith argument as to whether—and if so, why—this matter is materially distinguishable, either factually or legally, from *Roberto M. F.* and *Victor Hugo D. P.*" ECF No. 3 at 2–3.

The Government timely responded and concedes that Dayrin Beverly A. C.'s petition "raises legal and factual issues similar to those in prior habeas petitions this Court has decided." ECF No. 5. Nevertheless, the Government "assert[s] all arguments raised by the government in *Avila* [*v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025)], preserve[s] those arguments for any appeal in this case, and respectfully request[s] that the Court deny [Dayrin Beverly A. C.'s] habeas petition." *Id.*

Because nothing distinguishes Dayrin Beverly A. C.'s case from those the Court has previously decided, the Court concludes that Dayrin Beverly A. C. is entitled to a bond hearing under 8 U.S.C. § 1226(a). The Court therefore grants Dayrin Beverly A. C.'s petition as set forth below.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that:

1. Dayrin Beverly A. C.'s verified Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;

2. The Court **DECLARES** that Dayrin Beverly A. C. is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226;

3. The Government is **ORDERED** to provide Dayrin Beverly A. C. with a bond redetermination hearing under 8 U.S.C. § 1226(a) on the merits of her release by no later than Tuesday, February 3, 2026;

4. If the Government does not provide Dayrin Beverly A. C. with a bond redetermination as required by this Order, she must be immediately released from detention; and

5. On or before Wednesday, February 4, 2026, the Government is **ORDERED** to provide the Court with a status update concerning the results of any bond

hearing conducted pursuant to this Order or, if no bond hearing was held, advising the Court regarding Dayrin Beverly A. C.'s release.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 27, 2026          *s/Laura M. Provinzino*
                                                        Laura M. Provinzino
                                                        United States District Judge